ERIE R. CO. v. POND CREEK MILL & ELEVATOR CO.

(Circuit Court of Appeals, Seventh Circuit.   April 14, 1908.)

No. 1,404.

1. CARRIERS — TRANSPORTATION OF FREIGHT—CONTRACT—WHAT LAW GOVERNS.
    Where a contract for through transportation of flour from Pond Creek, Okl., to New York, was made in Oklahoma, it was subject to the Oklahoma law to the extent that such law was not an invasion of the exclusive rights of the United States to regulate commerce between the states.

2. SAME—STATUTES—EFFECT.
    Wilson's Rev. & Ann. St. Okl. 1903, § 707, declares that a consignor, by accepting a bill of lading or written contract for carriage, with a knowledge of its terms, assents to the rate of hire, the time, place, and manner of delivery therein stated: but that his assent to any other modification of the carrier's obligations contained therein can only be manifested by his signature to the contract.   Held, that such provision should not be construed as merely affecting the vehicle through which a transportation contract can be proved, but was a valid exercise of legislative power affecting interstate commerce originating in Oklahoma, to which transportation contracts made in that state were subject.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Seymour Edgerton, for plaintiff in error.
Fred D. Silbur, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge.   The action in the court below was by the defendant in error, an Oklahoma corporation, against the plaintiff in error, a New York corporation, to recover damages for the loss of a certain shipment of flour from Pond Creek, Oklahoma, to New York, and resulted in a judgment for the value of the flour and interest from the date it ought to have been delivered.   The bills of lading showed that although received by the Chicago, Rock Island & Pacific Railway Company, the shipment was to be to New York via the Union Steamboat Line and the Erie Railway Company; and contained a provision that the company (the C., R. I. & P. Ry. Co.) should not be responsible for any loss or damage by fire, unless it be shown that such damage or loss occurred through the negligence or default of the agents of the company.   There was no evidence other than the delivery and acceptance of the bill of lading, tending to show that this provision was known to the defendant in error; also there was no evidence showing that the shipment was totally destroyed by fire (the only evidence on that subject being that it was in a fire).   But for the purpose of this opinion, we assume that the destruction by fire at the transfer warehouse at Buffalo, where it was unloaded from the

steamboat, to be loaded on the cars of the railway company, wholly accounts for the non-delivery of the shipment at the point of destination.

Section 58, article 5, of Wilson's Rev. & Ann. St. Okl. 1903, on common carriers, is as follows:

"A passenger, consignor, or consignee, by accepting a ticket, bill of lading or written contract for carriage, with a knowledge of its terms, assents to the rate of hire, the time, place, and manner of delivery therein stated. But his assent to any other modification to the carrier's right or obligations contained in such instrument can only be manifested by his signature to the same."

The contract between the parties is an Oklahoma contract, and to the extent that Oklahoma law is no invasion of the exclusive rights of the United States to regulate commerce between the states, is subject to Oklahoma law; and under the Oklahoma law above quoted, the exemption in the bill of lading plainly would not be binding upon the shipper, because he has not assented to the same in writing.

It is urged however, upon the authority of Richmond & Alleghany Railway Company v. Patterson Tobacco Company, 169 U. S. 311, 18 Sup. Ct. 335, 42 L. Ed. 759, that the Oklahoma statutory provision is a law of evidence only—does not in any way affect the contract, but only the vehicle through which the contract can be proven—and is therefore not binding upon the federal courts sitting outside of the state. We cannot concur in this view. The Oklahoma statute does not forbid contracts looking to exemption from what would otherwise be the carriers' obligation at common law; if it did, it might be an invasion of the power conferred upon Congress; and that is the point decided in Richmond & Alleghany Ry. Co. v. Patterson Tobacco Company, supra. Neither that case, nor any case called to our attention, prevents a state from providing that no contract made within its territory shall be effective unless it is reduced to writing, and signed by the parties to be affected—a reasonable provision that does not regulate commerce between the states, but only the method in which contracts relating to such commerce shall be manifested. This disposes of the merits of the case.

We think that on the authority of Northern Transportation Company v. Isaac H. McClary, 66 Ill. 233, there was no error in allowing interest upon the damages found. The judgment of the Circuit Court will be affirmed.